Case No. 23-60620

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

INHANCE TECHNOLOGIES, L.L.C.,

Petitioner,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

Respondents.

PETITION FOR REVIEW OF A FINAL ACTION OF THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY

**JOINT MOTION TO ENTER
STIPULATED PROTECTIVE ORDER
GOVERNING PROTECTED INFORMATION**

Petitioner Inhance Technologies, L.L.C. and Respondents U.S. Environmental Protection Agency and Michael S. Regan (collectively "the Parties") move to enter the attached Stipulated Protective Order Governing Protected Information (Ex. 1) ("Protected Order").

In support of this motion, the Parties state as follows:

1. Petitioner filed this petition for review on December 8, 2023, challenging Respondents' "final action, a Unilateral Order under Section 5(f) of TSCA," and "final action, a Unilateral Order under Section 5(e) of TSCA" (collectively, "TSCA Section 5 Orders"). Doc. No. 1-2.

2. EPA filed a copy of the certified index of documents comprising the administrative record for the TSCA Section 5 Orders on December 19, 2023. Doc. No. 38.

3. The certified index of documents comprising the administrative record for the TSCA Section 5 Orders includes information submitted to EPA by Inhance that was claimed as confidential business information as well as materials that may contain protected copyright information (collectively "protected information").

4. Under 40 C.F.R. Part 2, Subpart B, "Confidential Business Information," EPA cannot disclose information claimed as CBI unless EPA has

determined that the information is not entitled to confidential treatment, 40 C.F.R. §§ 2.204, 2.205, 2.208, or in other limited circumstances, such as after obtaining the submitter's permission, 40 C.F.R. § 2.209(f).  EPA has identified the documents containing claimed protected information on the certified index.

    5.    This Court's entry of the attached Protective Order will facilitate EPA's expeditious production of the administrative record in this case.

    6.    Once entered, the attached proposed Protective Order will serve as a court order under 40 C.F.R. § 2.209(d).  *See* Ex. 1 at 1.  That regulation allows the disclosure of CBI "in any manner and to the extent ordered by a Federal court." 40 C.F.R. § 2.209(d).  The Protective Order will allow the disclosure of claimed protected information in the administrative record to Petitioner.

For the foregoing reasons, the Parties respectfully request that the Court enter the attached proposed Protective Order.

Respectfully submitted,

Dated: December 19, 2023

| | |
|---|---|
| /s/ Susan M. Cook<br>CATHERINE E. STETSON<br>SUSAN M. COOK<br>ADAM M. KUSHNER<br>Hogan Lovells US LLP<br>555 Thirteenth Street, N.W.<br>Washington, D.C. 20004<br>(202) 637-5600<br>cate.stetson@hoganlovells.com<br><br>J. TOM BOER<br>Hogan Lovells US LLP<br>4 Embarcadero Center, Suite 3500<br>San Francisco, CA 94111<br>(415) 274-2300<br><br>*Counsel for Petitioner* | TODD KIM<br>*Assistant Attorney General*<br><br>s/ *Daniel J. Martin*<br>DANIEL J. MARTIN<br>ALEXANDRA L. ST. ROMAIN<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC  20044-7611<br>Tel: (202) 598-1869<br>daniel.martin3@usdoj.gov<br><br>*Counsel for Respondents* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 323 words according to the count of Microsoft Word, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), and therefore is within the word limit of 5,200 words.

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion was prepared in Microsoft Word 2016 with the proportionally-spaced typeface of Times New Roman 14-point.

Dated:  December 19, 2023                s/ *Daniel J. Martin*
                                         DANIEL J. MARTIN

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Joint Motion to Enter Stipulated Protective Order Governing Protected Information was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date:  December 19, 2023                s/ *Daniel J. Martin*
                                                     DANIEL J. MARTIN

*DRAFT*

Case No. 23-60620

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

INHANCE TECHNOLOGIES, L.L.C.,

Petitioner,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

Respondents.

_____

PETITION FOR REVIEW OF A FINAL ACTION OF THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY

*DRAFT*

# [PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

This Protective Order ("Order") shall govern the production, use, and submission of Protected Information or material claimed as Protected Information (together "PI") between Inhance Technologies LLC ("Inhance") and the U.S. Environmental Protection Agency ("EPA" or "Agency") in the course of case No. 23-60620. This Order shall preclude inappropriate use of such PI for purposes other than case No. 23-60620 and constitutes a court order for the purposes of 40 C.F.R. § 2.209(d). This Order does not alter the requirement in certain regulations, *e.g.*, 40 C.F.R. § 2.209(d), to notify non-parties that the U.S. Environmental Protection Agency ("EPA" or "Agency") intends to disclose Confidential Business Information ("CBI") to a non-EPA party. If EPA will be disclosing the CBI found in Agency files to a non-EPA party in the litigation, EPA may be required to notify the non-party either directly or by notice published in the *Federal Register*. This Order does not address the validity of any PI claim that has been or will be made under federal statutes and regulations.

1. EPA shall not consider any disclosure of PI in the course of case No. 23-60620 to persons other than EPA to be a waiver of such claim of confidentiality or to be a public disclosure of such information, if the disclosure is made pursuant to the terms of this Order. No document containing, referring to, or otherwise

disclosing PI shall be publicly filed with the Court. PI shall be submitted to the Court only under seal in accordance with Fifth Cir. R. 25.2.8 and Paragraph 7(b) of this Order.

    2.    "PI" shall include CBI and protected copyrighted information.

    3.    "CBI" defined:

    (a)    Any document containing material or information that was submitted to EPA under a claim of business confidentiality, including material constituting trade secrets or confidential business information pursuant to Section 14 of the Toxic Substances Control Act, 15 U.S.C. § 2613(a) and implementing regulations, and which is not subject to disclosure under Section 14(b) of the Toxic Substances Control Act, 15 U.S.C. § 2613(b), or an EPA determination that the material or information does not qualify for protection.

    (b)    Pursuant to 40 C.F.R. 2.204(c)(2)(i), material that was not accompanied by a claim of confidentiality when provided to EPA but which, in the good-faith opinion of EPA, an affected business might be expected to assert such a claim if it knew that EPA proposed to disclose the information pursuant to the restrictions in 40 C.F.R. Part 2, Subpart B, "Confidentiality of Business Information."

    (c)    In the event of a dispute between the parties as to the contents of the administrative record, any material or information not included by EPA in the

administrative record but claimed in good faith by Inhance as containing sensitive trade secrets and commercial or financial information that would reasonably be subject to treatment as "Confidential Business Information," if it had previously been submitted to EPA, pursuant to 5 U.S.C. § 552 or 40 C.F.R. § 2.201(e) (Reasons of Business Confidentiality). Any such confidential information shall be clearly marked and redacted as set forth herein.

    (c)    Material, including all notes, memoranda, and calculations, that, if disclosed, may reveal information subject to subparagraphs (a) through (b) of this paragraph.

4.    "Protected copyrighted information" defined:

    (a)    Materials with rights that may be protected under the U.S. Copyright Act of 1976, Pub. L. No. 94-553, 90 Stat. 2541, codified, as amended, as Title 17 of the U.S. Code.

    (b)    Materials which, in the good-faith opinion of EPA, are likely to contain protected copyright information.

5.    This Order does not constitute and shall not be interpreted as an agreement that any of the materials in the Administrative Record for case No. 23-60620 are PI.

6.    Information that is or becomes publicly available through means other than as a result of a violation of this Order or a violation of other relevant

confidentiality requirements (including those imposed upon EPA) shall not constitute PI, and to the extent that a party obtains information outside the context of case No. 23-60620 by means other than violating this Order or violating other relevant confidentiality requirements (including those imposed upon EPA), that party shall not be limited in its use of such information by this Order.

7. For case No. 23-60620, CBI shall be designated, marked, and managed as follows:

(a) Respondents filed an Administrative Record Certification in case No. 23-60620 on December 19, 2023, Doc. 38. Materials designated by EPA on the Index of Documents as containing claimed CBI are, in all respects, considered to be "SUBJECT TO PROTECTIVE ORDER IN CASE NO. 23-60620 (5TH CIR.)." EPA shall so indicate on each page of the document for which a CBI claim is asserted that the CBI is "CBI – SUBJECT TO PROTECTIVE ORDER IN CASE NO. 23-60620 (5TH CIR.)."

(b) Briefs, pleadings, and other material filed with the Court that contain or disclose CBI shall be filed in accordance with Fifth Cir. R. 25.2.8, with one sealed copy of the brief filed electronically with the Court and emailed to counsel for the United States and/or Inhance, respectively. If the Court orders the filing of a redacted copy, an electronic copy filed with all pages that include CBI redacted. For purposes of compliance with Fifth Cir. R. 25.2.8, and because of the

burdens and delay associated with a comprehensive page-by-page review for specific CBI in the administrative record, the entirety of a document or other material identified as containing CBI in the Administrative Record Certification shall be treated as containing CBI unless specifically designated otherwise.

(c)　A party who intends, during any hearing in case No. 23-60620, to present argument or other material containing CBI shall so advise the other parties and the Court so that any appropriate steps may be taken before such presentation or reference is made and shall arrange for the pages of any transcript containing such information to be marked "CBI - SUBJECT TO PROTECTIVE ORDER IN CASE NO. 23-60620 (5TH CIR.)." Any party participating in the hearing, or the parties jointly, may submit a motion to the Court providing suggested procedures or protocols to protect the confidentiality of CBI at that hearing, including but not limited to moving for a closed hearing.

8.　For case No. 23-60620, protected copyright information shall be designated, marked, and managed as follows:

(a)　Respondents filed an Administrative Record Certification in case No. 23-60620 on December 19, 2023, Doc. 38

. Materials designated by EPA on the Index of Documents as containing material claimed as protected copyright information are, in all respects, considered to be "SUBJECT TO PROTECTIVE ORDER IN CASE NO. 23-60620

(5TH CIR.)." EPA shall so indicate on each page of the document for which a protected copyright information claim is asserted that the protected copyright information is "COPYRIGHT RESTRICTED – SUBJECT TO PROTECTIVE ORDER IN CASE NO. 23-60620 (5TH CIR.)."

(b) For purposes of compliance with Fifth Cir. R. 25.2.8, and because of the burdens and delay associated with a comprehensive page-by-page review for specific PI in the administrative record, the entirety of a document or other material identified as containing PI in the Administrative Record Certification shall be treated as containing PI unless specifically designated otherwise.

9. CBI shall be received by and held in strict confidence by authorized recipients and shall be used only for the purposes of case No. 23-60620 and shall not be used (except by the owner of such information) for any purpose outside of case No. 23-60620. Except as provided in Paragraph 7 of this Order, CBI may be disclosed only to: (i) the Court and court personnel, including any court reporters, provided that any pleading or other document filed with the Court that contains or discloses material designated as CBI is filed under seal according to Paragraph 7(b) of this Order, (ii) counsel of record for Inhance, including employees, contractors, and clerical, secretarial, and paralegal support staff, (iii) Inhance; and (iv) the following persons after signature by each such person of the Certification

*DRAFT*

(Attachment A hereto) that the person has received a copy of this Order and agrees to be bound thereby, and under the conditions described for each (collectively "Qualified Persons"):

Employees or contractors of the United States involved in case No. 23-60620 or the underlying final actions being challenged who have a need to access CBI.

10. No person who is a Qualified Person as defined in this Order may further disseminate any PI except as expressly authorized in this Order unless required by law, including a court order.

11. Counsel of record for each party shall be responsible for obtaining all Certifications required by this Order in advance of any disclosure that may be permitted by this Order, and maintaining in safekeeping all original Certifications.

12. Nothing in this Order shall limit EPA's use or disclosure of PI not obtained via this Order for purposes other than in the course of this action, case No. 23-60620.

13. Confidentiality under this Order is to be maintained both during and after the final disposition of case No. 23-60620. Any documents identified in the Administrative Record Certification or Index of Documents as containing PI belonging to a party other than Inhance shall be returned to EPA or destroyed by

counsel of record for the non-EPA party within 90 days of the conclusion of the case, *i.e.*, after resolution of any appeal.

14. The production, use, and submission, pursuant to the terms of this Order, of PI shall not be construed as a waiver by any person or entity of any claim of PI.

15. If additional parties are permitted to intervene, their ability to access PI, if any, shall be addressed by separate Court Order.

**IT IS SO ORDERED.**

_____

*DRAFT*

# ATTACHMENT A
## Certification

I, _____, hereby certify under penalty of perjury that I have received a copy of and read the Stipulated Protective Order Governing Confidentiality relating to the confidentiality of information in *Inhance Technologies, L.L.C. v. EPA et al.*, Case No. 23-60620, and I agree to, and will, keep information confidential in accordance with the terms of said Stipulated Protective Order Governing Confidentiality.

_____
Signature                                                                   Date

_____
Affiliation or Employer