# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 23-60620

Inhance Technologies, L.L.C.,
*Petitioner*,

*versus*

United States Environmental Protection Agency;  Michael S. Regan, *Administrator, United States Environmental Protection Agency*,
*Respondents*.

Petition for Review from an Order of the Environmental Protection Agency

Agency No. SN-23-0002

Agency No. SN-23-0004 Agency No. SN-23-0005 Agency No. SN-23-0003
Agency No. SN-23-0006 Agency No. SN-23-0008 Agency No. SN-23-0009
Agency No. SN-23-0010 Agency No. SN-23-0011

___

# EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO INTERVENE

Robert M. Sussman, DC Bar No. 226746
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

Paula Dinerstein, DC Bar No. 333971
Laura Dumais, DC Bar No. 1024007
PUBLIC EMPLOYEES FOR ENVIRONMENTAL
RESPONSIBILITY
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
202-265-7337
pdinerstein@peer.org, ldumais@peer.org

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.1.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

- Inhance Technologies LLC (Petitioner)
- Hogan Lovells US LLP (Counsel for Petitioner)
- Catherine E. Stetson (Counsel for Petitioner)
- Susan M. Cook (Counsel for Petitioner)
- Adam M. Kushner (Counsel for Petitioner)
- J. Tom Boer (Counsel for Petitioner)
- Marlan Golden (Counsel for Petitioner)
- Claire Adkins (Counsel for Petitioner)
- Aurora Capital Partners Management LP (Interested Party)
- United States Environmental Protection Agency (Respondent)
- Michael S. Regan, Administrator, United States Environmental Protection Agency (Respondent)
- Merrick B. Garland, Attorney General, United States Department of Justice (Counsel for Respondents)
- Daniel Martin (Counsel for Respondents)
- Richard Gladstein (Counsel for Respondents)

- Jonah Seligman (Counsel for Respondents)
- Public Employees for Environmental Responsibility (PEER) (Movant for Intervention)
- Center for Environmental Health (Movant for Intervention)
- Jay De La Rosa (Movant for Intervention)
- Robert M. Sussman (Counsel for Center for Environmental Health and Jay De La Rosa)
- Paula Dinerstein (Counsel for PEER)
- Laura Dumais (Counsel for PEER)
- Monica Mercola (Counsel for PEER)
- Michael D. Fiorentino (Counsel for PEER, CEH and Jay De La Rosa)

       /s/ *Robert M. Sussman*
          Robert M. Sussman

*Counsel for Movants for Intervention*

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 23-60620

INHANCE TECHNOLOGIES, L.L.C.,
*Petitioner*,

*versus*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, *ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY*,
*Respondents*.

PETITION FOR REVIEW FROM AN ORDER OF THE ENVIRONMENTAL PROTECTION AGENCY

AGENCY NO. SN-23-0002

AGENCY NO. SN-23-0004  AGENCY NO. SN-23-0005  AGENCY NO. SN-23-0003
AGENCY NO. SN-23-0006  AGENCY NO. SN-23-0008  AGENCY NO. SN-23-0009
AGENCY NO. SN-23-0010  AGENCY NO. SN-23-0011

---

## EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO INTERVENE

Pursuant to Rule 27.3 of this Court's Local Rules, Center for Environmental Health (CEH), Public Employees for Environmental Responsibility (PEER) and Jay De La Rosa file this emergency motion for expedited consideration of the motion to intervene they are today filing with the Court. There is good cause to act on this motion as soon as possible because the Court has set an expedited schedule

for briefing and oral argument and movants cannot participate effectively in this case without a prompt determination of their entitlement to intervene.

This case involves two December 1, 2023 orders of the Environmental Protection Agency (EPA) that prohibit petitioner Inhance from producing per- and polyfluoroalkyl substances (PFAS) – highly persistent, bioaccumulative and toxic substances that pose a serious threat to human health and the environment – during its fluorination of hundreds of millions of plastic containers used throughout the economy. As described in their intervention motion, movants have long advocated strong EPA action against this threat and are plaintiff-intervenors in a case against Inhance in the Eastern District of Pennsylvania seeking to enjoin its harmful production of PFAS in violation of the Toxic Substances Control Act (TSCA).

Inhance filed its petition for review of the EPA orders on December 7 and submitted an unopposed motion for a stay of the EPA orders the following day. The Court granted the stay on December 12, before movants became aware of Inhance's stay motion. On December 13, the Court entered an order setting an expedited schedule for briefing and oral argument. Under this schedule, Inhance's opening brief is due on December 22, 2023, responsive briefs are due on January 22, 2024, replies are due on January 29, 2024 and oral argument is tentatively scheduled for the week of February 5, 2024.

Movants need immediate clarity on their intervention status to participate meaningfully in the aggressive briefing and argument schedule set by the Court. If and when intervention is granted, movants will need to embark immediately on the tasks of reviewing and analyzing Inhance's brief, accessing and digesting the voluminous administrative record and drafting their brief in opposition. An extended delay in ruling on the intervention motion will create uncertainty and place additional time-pressure and resource burdens on movants that impede their ability to effectively meet the Court's deadlines and provide high-quality briefing that informs the Court's deliberations.

Another reason for expedited action on the intervention motion is that, if granted leave to intervene, movants will immediately file a motion to vacate the Court's December 12 stay. As movants will demonstrate, the stay lacks a sound basis in this Circuit's caselaw, does not meet the four-factor test for staying agency actions pending appeal, is contrary to the public interest, and may allow Petitioner to continue exposing millions of workers and consumers to harmful chemicals. We believe vacating the stay also merits expedited consideration and a prompt decision on intervention will put the motion to vacate before the Court at the earliest possible date.

On December 18 and 19, movants' counsel contacted counsel for Respondent and Petitioner about this motion and the related motion to intervene.

Respondent's counsel indicated that it does not oppose the motions but reserves the right to respond. Petitioner's counsel indicated that it opposes both motions.

If the Court grants expedited consideration, we request that it direct Inhance to respond to the motion to intervene by December 22, 2023 and require movants to file any reply by December 26, 2023.

Counsel for movants certifies that the facts supporting emergency consideration of the motion to intervene are true and complete.

Dated: December 20, 2023

                Respectfully submitted,

                /s/ *Robert M. Sussman*
                Robert M. Sussman
                SUSSMAN & ASSOCIATES
                DC BAR NO 226746
                3101 Garfield Street, NW
                Washington, DC 20008
                (202) 716-0118
                bobsussman1@comcast.net

                /s/ *Paula Dinerstein*
                Paula Dinerstein *Pro Hac Vice*
                PUBLIC EMPLOYEES FOR
                ENVIRONMENTAL RESPONSIBILITY
                DC BAR NO. 333971
                962 Wayne Avenue, Suite 610
                Silver Spring, MD 20910
                202-265-6391
                pdinerstein@peer.org

                /s/ *Laura Dumais*
                Laura Dumais
                PUBLIC EMPLOYEES FOR
                ENVIRONMENTAL RESPONSIBILITY

>DC BAR NO. 1024007
>962 Wayne Avenue, Suite 610
>Silver Spring, MD 20910
>202-792-1277
>[ldumais@peer.org](mailto:ldumais@peer.org)

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-point Times New Roman, a proportionally spaced font. I further certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 603 words, according to the count of Microsoft Word.

/s/ *Robert M. Sussman*
Robert M. Sussman
*Counsel for Movants for Intervention*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 20, 2023, I electronically filed the foregoing motion with the Clerk of Court by using the appellate CM/ECF system. In addition, we will provide counsel for Respondents and Petitioner with courtesy copies transmitted by electronic mail promptly upon filing.

<u>/s/ *Laura Dumais*</u>
Laura Dumais
*Counsel for Movants*
*for Intervention*
