No. 23-60620

# In the United States Court of Appeals for the Fifth Circuit

INHANCE TECHNOLOGIES L.L.C.,

*Petitioner,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

*Respondents.*

On Petition for Review of Orders of the Environmental Protection Agency

## RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND EMERGENCY MOTION FOR EXPEDITED CONSIDERATION

J. TOM BOER
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
(415) 274-2300

CATHERINE E. STETSON
SUSAN M. COOK
ADAM M. KUSHNER
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
cate.stetson@hoganlovells.com

*Counsel for Petitioner*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.1.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

- Inhance Technologies LLC (Petitioner)

- Hogan Lovells US LLP (Counsel for Petitioner)

- Catherine E. Stetson (Counsel for Petitioner)

- Susan M. Cook (Counsel for Petitioner)

- Adam M. Kushner (Counsel for Petitioner)

- J. Tom Boer (Counsel for Petitioner)

- Marlan Golden (Counsel for Petitioner)

- Claire Adkins (Counsel for Petitioner)

- Aurora Capital Partners Management LP (Interested Party)

- United States Environmental Protection Agency (Respondent)

- Michael S. Regan, Administrator, United States Environmental Protection Agency (Respondent)

- Merrick B. Garland, Attorney General, United States Department of Justice (Counsel for Respondents)

- Daniel Martin (Counsel for Respondents)

i

- Alexandra St. Romain (Counsel for Respondents)

- Richard Gladstein (Counsel for Respondents)

- Jonah Seligman (Counsel for Respondents)

- Public Employees for Environmental Responsibility (PEER) (Movant for Intervention)

- Center for Environmental Health (Movant for Intervention)

- Jay De La Rosa (Movant for Intervention)

- Robert M. Sussman (Counsel for Center for Environmental Health and Jay De La Rosa)

- Paula Dinerstein (Counsel for PEER)

- Laura Dumais (Counsel for PEER)

- Monica Mercola (Counsel for PEER)

- Michael D. Fiorentino (Counsel for PEER, CEH and Jay De La Rosa)

/s/ Catherine E. Stetson
Catherine E. Stetson

*Counsel for Petitioner*

# **<u>TABLE OF CONTENTS</u>**

**Page**

CERTIFICATE OF INTERESTED PERSONS .........................................................i

TABLE OF AUTHORITIES ......................................................................................iv

INTRODUCTION ..........................................................................................................1

BACKGROUND ............................................................................................................1

ARGUMENT ...................................................................................................................2

I.      The Putative Intervenors' Motion Is Not A Judicial Emergency .......3

II.     Intervention Threatens To Upend This Expedited Appeal ...................5

III.    The Putative Intervenors Lack Standing. ................................................6

IV.    Respondents Adequately Represent The Putative
        Intervenors' Interests ...............................................................................10

CONCLUSION ............................................................................................................12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES:**

*City of Houston v. American Traffic Solutions, Inc.,*
  668 F.3d 291 (5th Cir. 2012) ........................................................... 10, 11

*Clapper v. Amnesty Int'l USA,*
  568 U.S. 398 (2013) ................................................................................ 8

*Doe v. Duncanville Indep. Sch. Dist.,*
  994 F.2d 160 (5th Cir. 1993) ............................................................... 11

*Environmental Working Grp. v. FDA,*
  301 F. Supp. 3d 165 (D.D.C. 2018) ..................................................... 10

*Guenther v. BP Ret. Accumulation Plan,*
  50 F.4th 536 (5th Cir. 2022) .......................................................... 11, 12

*Havens Realty Corp. v. Coleman,*
  455 U.S. 363 (1982) .............................................................................. 10

*League of United Latin Am. Citizens, Dist. 19 v. City of Boerne,*
  659 F.3d 421 (5th Cir. 2011) ................................................................. 7

*Lujan v. Defenders of Wildlife,*
  504 U.S. 555 (1992) ............................................................................ 8, 9

*Sierra Club v. Espy,*
  18 F.3d 1202 (5th Cir. 1994) ................................................................. 6

*Rotstain v. Mendez,*
  986 F.3d 931 (5th Cir. 2021) ................................................................. 6

*Spokeo, Inc. v. Robins,*
  578 U.S. 330 (2016) ................................................................................ 7

*Susan B. Anthony List v. Driehaus,*
  573 U.S. 149 (2014) ................................................................................ 8

*United States v. Franklin Par. Sch. Bd.,*
  47 F.3d 755 (5th Cir. 1995) ........................................................... 10, 12

## <u>TABLE OF AUTHORITIES - CONTINUED</u>

**Page(s)**

**RULES:**

Fifth Circuit Rule 15.5 ............................................................................5

Fifth Circuit Rule 27.3 ............................................................................3

## INTRODUCTION

There is ample reason to deny Proposed Intervenors' Motion to Intervene as well as their associated Emergency Motion for Expedited Consideration. This appeal of unlawful agency action is well underway. Inhance filed its opening merits brief 11 days ago. Merits briefing will conclude in 27 days. The Court will hear argument in 34 days. The Proposed Intervenors waited nearly two weeks to seek intervention after Inhance filed its petition and sought expedited review; the Court is not obligated to upend this expedited appeal to accommodate their delay.

The Proposed Intervenors also lack standing, and their interests are adequately represented by Respondents. For all these reasons, the Court should deny the motions.

## BACKGROUND

On December 1, 2023, following an administrative review process focused on Inhance, the Environmental Protection Agency (EPA) issued two Unilateral Orders. If allowed to take effect, EPA's Orders will forbid Inhance's forty-year-old fluorination process—and shutter the company. On December 7, 2023, Inhance challenged the Unilateral Orders in a petition for review in this Court. ECF No. 1. The next day, Inhance brought an unopposed motion to expedite and a motion for an administrative stay pending appeal. ECF No. 6. On December 12, 2023, this Court granted Inhance's motion, expedited the appeal, and entered an administrative

1

stay pending issuance of the mandate.  ECF No. 23.  Then, on December 13, 2023, this Court entered an expedited briefing schedule and tentatively set oral argument for the week of February 5, 2024.  ECF Nos. 29; 35.  On December 20, 2023, the Court scheduled oral argument for Monday, February 5, 2024.  ECF No. 41.

Later in the day on December 20—13 days after Inhance filed its petition for review, and after this Court had already set oral argument—Proposed Intervenors Center for Environmental Health (CEH), Public Employees for Environmental Responsibility (PEER), and Jay De La Rosa filed a Motion to Intervene and an Emergency Motion to Expedite Emergency Consideration of the Motion to Intervene.  ECF Nos. 46-1 (Mot. to Intervene); 49 (Mot. to Expedite Emergency Consideration).

## ARGUMENT

The Court should deny the Proposed Intervenors' motion for any and all of the following reasons:

- There is no good cause to grant "emergency" relief.

- Intervention will, as Proposed Intervenors admit, prompt re-litigation of this Court's Order expediting the appeal and entering an administrative stay, upending the agreed schedule.

- The Proposed Intervenors lack standing.

- Respondents adequately represent the Proposed Intervenors' interests.

2

## I.    THE PUTATIVE INTERVENORS' MOTION FOR EXPEDITED CONSIDERATION IS NOT A JUDICIAL EMERGENCY.

In addition to seeking to intervene, the Proposed Intervenors bring an "emergency" motion for expedited consideration.  No such emergency exists.  Under this Court's rules, an emergency motion is one that demonstrates good cause for relief within 14 days.  *See* Fifth Cir. R. 27.3.  The would-be Intervenors waited nearly that long even to seek intervention:  Inhance brought its petition for review on December 7, 2023.  Lack of planning on the putative Intervenors' part does not make it an emergency on the Court's part.

While the Proposed Intervenors sat on their hands, moreover, the posture and pace of this case changed quickly.  On December 8, 2023, Inhance filed an unopposed motion to expedite and for an administrative stay pending appeal.  The Court granted that motion four days later, and then set an expedited briefing schedule.  Proposed Intervenors did nothing.  It was only after this Court set argument for early February 2024 that Intervenors filed their motion.

The Proposed Intervenors also do not come close to establishing any irreparable harm they would suffer if their motion—pending since December 20—is not granted.  That is a requirement of any emergency motion filed in this Court, which must state "the irreparable harm the movant will suffer if the motion is not granted."  Fifth Cir. R. 27.3.  Nor could the Proposed Intervenors satisfy this

3

standard:  They were not parties to the administrative proceeding, and their public-interest concerns have a fully capable advocate in the federal government.

Furthermore, Proposed Intervenors' proffered justification for biding their time illustrates their lack of good cause.  They claim they became "aware of Inhance's stay motion" when this "Court granted the stay on December 12."  Mot. to Expedite Emergency Consideration 2.  There are two problems with this.  The first is that *eight more days* passed before the putative Intervenors filed.  The second is that their contention is not true:  On December 11, Inhance filed a notice in the Eastern District of Pennsylvania enforcement action stating the company had "filed a motion for expedited appeal and sought a stay of the Unilateral Orders" in the Fifth Circuit.  *United States v. Inhance Tech. LLC*, No. 5:22-cv-050550-JFM, ECF No. 74 at 1–2 (E.D. Pa. Dec. 11, 2023).  Later that same day, the Proposed Intervenors filed a notice acknowledging that Inhance had "filed a petition for review of the orders with the U.S. Court of Appeals for the Fifth Circuit." *Id.* ECF No. 75 at 2.  Even if the Proposed Intervenors overlooked the motion to expedite when reviewing this Court's docket, they were on notice when both Inhance and EPA described the motion and the relief sought in litigation in which Proposed Intervenors are parties.  Yet they opted not to file an intervention motion at that juncture, instead waiting until after this Court scheduled argument.

4

Because the Proposed Intervenors have not demonstrated good cause, this Court is under no obligation to treat their motion as an emergency.

## II. INTERVENTION THREATENS TO UPEND THIS EXPEDITED APPEAL.

This case has been fast-tracked for review, and the Proposed Intervenors' belated entry threatens to upset the parties' and the Court's case schedule.

A motion for intervention in a case involving review of agency action "should be filed promptly after the petition for review of the agency proceeding is filed, but not later than 14 days prior to the due date of the brief of the party supported by the intervenor." Fifth Cir. R. 15.5. The requirement that a would-be intervenor file "promptly" assumes heightened importance in an expedited appeal.

Inhance has already filed its opening brief on the merits and will have just seven days to reply to Respondents' brief. With merits briefing proceeding apace, the Court's and the parties' resources should not be diverted to an untimely motion brought by the Proposed Intervenors—who can be expected to make duplicative legal arguments as Respondents, in any event. Inhance already must confront the prospect of being subjected to EPA's crushing Unilateral Orders. If the Proposed Intervenors are allowed to enter the case, Inhance also will be forced to litigate a settled issue: its entitlement to a stay pending issuance of the Court's mandate.

The Proposed Intervenors are transparent about their plans to re-litigate this Court's stay and expedition order: "[I]f granted leave to intervene, movants will immediately file a motion to vacate the Court's December 12 stay." Mot. to Expedite Consideration 3. That approach not only upends the entire schedule; it is plainly out of step with the rule that "an intervenor 'must accept the proceedings as he finds them.' " *Sierra Club v. Espy*, 18 F.3d 1202, 1206 n.3 (5th Cir. 1994) (quoting *In re Geisser*, 554 F.2d 698, 705 n.6 (5th Cir. 1977)); *see also id.* ("The intervenor has no right to relitigate issues already decided.").

If the Proposed Intervenors' belated entrance transforms this expedited appeal into drawn-out litigation, Inhance also will likely not survive for the duration of the appeal. *See* ECF No. 6-2 ¶ 17 (Declaration of Subramanian Iyer). Vacating this Court's administrative stay would strip away the only protection Inhance has against EPA's Unilateral Orders taking effect before this appeal is resolved. With such a substantial risk of "prejudice to the existing parties from any delay" resulting from intervention, *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021), the Court has ample reason to deny the Proposed Intervenors' motion.

## III.    THE PUTATIVE INTERVENORS LACK STANDING.

Aside from all of the Putative Intervenors' procedural failings, there is a fundamental defect in the Putative Intervenors' motion: They lack standing.

Because they seek a judicial order allowing EPA's Unilateral Orders to take effect *before* this Court rules on Inhance's petition, *see* Mot. to Expedite Consideration 3, the Putative Intervenors are "plainly seeking different relief from what the subsisting parties [] are seeking" and must establish standing as a result. *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 428 (5th Cir. 2011). While the Court may sometimes defer the standing inquiry until after resolving a motion to intervene, the exigencies of this expedited appeal cut against that approach here:  A full round of briefing on a separate motion seeking the would-be Intervenors' dismissal would push well into the expedited merits briefing period, taxing this Court's (and the parties') resources ahead of the February 5, 2024 oral argument.

Taking the proposed intervenors in turn:  De La Rosa lacks Article III standing because he has not sufficiently alleged injury, traceability, *or* redressability.  First, injury:  he does not allege an "actual or imminent" injury that affects him "in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).  De La Rosa maintains that he "is concerned about his ongoing exposure to PFAS from plastic containers."  Mot. to Intervene 1.

But De La Rosa's "concerns" about some future injury due to some PFAS exposure from some source are merely speculative, not "imminent."  The Supreme

Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (providing harm is imminent when there is "a substantial risk that the harm will occur") (internal quotation marks omitted).  De La Rosa states that he "do[es] not know whether the plastic containers" he uses have been fluorinated.  ECF No. 46-5 (De La Rosa Decl.) ¶ 7.  Despite this uncertainty, he speculates even further that it is possible that these containers would have undergone fluorination by Inhance.  De La Rosa Decl. ¶ 7.  This chain of uncertainty contains too many links to find that any alleged harm is imminent.

Considering the speculation surrounding Inhance's alleged involvement with the containers here, De La Rosa has also failed to allege that his purported exposure to harm is "fairly traceable" to Inhance.  *See Clapper*, 568 U.S. at 411.  And finally, De La Rosa has not alleged that his alleged health risks are likely to be redressed by a favorable decision on the merits.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555,

561 (1992) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)).

As for PEER nor CEH:  Because neither organization has established that any of their individual members would have standing to sue, they cannot establish associational standing.  To have associational standing, an organization must show that:  "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation in the lawsuit of each of the individual members." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).  Each declarant supporting organizational standing claims merely that they will continue to use plastics that *may* be fluorinated, *may* be fluorinated by Inhance, and which *may increase* their risk of exposure to long-chain PFAS.  *See* ECF Nos. 46-3, 46-4, 46-6, 46-9, 46-10.  All of this hedging is insufficient to confer standing.  Article III's imminence requirement is "stretched beyond the breaking point when, as here, the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control." *Lujan*, 504 U.S. at 564 n.2.

PEER and CEH cannot lay claim to organizational standing, either,  because they have not presented any evidence that they as organizations have suffered a

9

concrete injury. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982). And it would be extremely difficult for them to do so: Where "organizations are squarely focused on warning the public about health hazards in consumer products," then their efforts to do just that cannot be the basis for an organizational injury. *E.g.*, *Environmental Working Grp. v. FDA*, 301 F. Supp. 3d 165, 172 (D.D.C. 2018). In the same vein, organizations are not injured where they have done nothing that stretches "beyond their typical expenditures" of resources. *Id.* Given PEER and CEH's longstanding PFAS-related activism, they cannot claim harm sufficient to confer constitutional standing from engaging in their "typical" activities.

## IV. RESPONDENTS ADEQUATELY REPRESENT THE PUTATIVE INTERVENORS' INTERESTS.

The Proposed Intervenors' motion also should be denied because they are adequately represented by Respondents.

When would-be intervenors share "the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 757 (5th Cir. 1995). The Proposed Intervenors accept this much, but argue the presumption does not apply—banking on the reasoning in *City of Houston v. American Traffic Solutions, Inc.*, 668 F.3d 291 (5th Cir. 2012). *See* Mot. to Intervene 17–18. In *City*

*of Houston*, though, there were concerns that the city "might well be inclined to settle the litigation on terms that preserve[d]" the district-court ruling on review, 668 F.3d at 294, which was adverse to the city and the intervenors. Here, by contrast, it is EPA's own ruling that is under review—and it goes without saying that EPA's litigation strategy generally does not include negotiating a result counter to EPA's interests.

There also is no adversity between either Proposed Intervenors' and Respondents' interests. That fact is fatal to the Putative Intervenors' motion. The Proposed Intervenors explain that they part ways with Respondents not over legal substance, but over litigation strategy: Their motion documents dismay with the Government's purported "acquiescence to a stay by this Court." Mot. To Intervene 22; *see also id.* at 12. Meaningful divergence of interests, however, requires far more than a mere "difference of opinion concerning litigation strategy or individual aspects of a remedy." *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (per curiam) (quoting *Jenkins by Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996)); *see also Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 168 (5th Cir. 1993) (no inadequacy of representation where "all indications" point to the parties "seeking the same outcome").

Because the Proposed Intervenors have not "demonstrate[d] that their interests diverge from those of [Respondents] in any meaningful way," they cannot overcome the presumption of adequate representation. *Guenther*, 50 F.4th at 547. While the Proposed Intervenors suggest their interests are unique, Mot. to Intervene 16–23, nowhere do they disclaim that they share the same "ultimate objective" as Respondents. *Franklin Par. Sch. Bd.*, 47 F.3d at 757. That's not surprising: Both Respondents and Proposed Intervenors want this Court to bless EPA's Unilateral Orders that deal a devastating blow to Inhance's fluorination technology—and the company itself.

All this points to just one conclusion: The Proposed Intervenors' interests will be adequately represented by Respondents.

## CONCLUSION

For the foregoing reasons, this Court should deny the Motion to Intervene and the Emergency Motion for Expedited Consideration. If the Court nevertheless grants the Motion to Intervene, the Court should require the proposed intervenors to file their brief same day as Respondents—January 22, 2024.

Respectfully submitted,

*/s/ Catherine E. Stetson*
CATHERINE E. STETSON

12

SUSAN M. COOK
ADAM M. KUSHNER
J. TOM BOER
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
cate.stetson@hoganlovells.com

*Counsel for Petitioner*

January 2, 2024

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this response to a motion complies with the requirements of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-point Times New Roman, a proportionally spaced font. I further certify that this response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,610 words, according to the count of Microsoft Word.

/s/ *Catherine E. Stetson*
Catherine E. Stetson

*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 2, 2024, I electronically filed the foregoing response with the Clerk of Court by using the appellate CM/ECF system. In addition, we will provide counsel for Respondents and the Proposed Intervenors with courtesy copies transmitted by electronic mail promptly upon filing.


*/s/ Catherine E. Stetson*
Catherine E. Stetson

*Counsel for Petitioner*